**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEVON STRAYHORN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-718 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Jevon Strayhorn's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). (ECF No. 1). This matter is fully briefed and ready for disposition. Also before the Court is movant's motion for leave to amend his Motion to Vacate, pursuant to Fed. R. Civ. P. 15, to which the government did not file a response, and the time to do so has expired.

***I. Background***

On January 27, 2016, Jevon Strayhorn's was charged in a one-count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Attorney Lucille Gardner Liggett of the Federal Public Defender's Office entered her appearance on behalf of movant. On April 13, 2016, movant filed a waiver of pretrial motions, and the case was set for a possible change of plea hearing on June 1, 2016. At the hearing, movant's counsel advised the Court movant was not prepared to enter a guilty plea, and she moved to continue the hearing and for a trial date. The Court granted the motion for a continuance and set for the case for trial on July 18, 2016.

On June 15, 2016, counsel filed a motion to vacate movant's waiver of pretrial motions, which was granted. The case was referred and remanded to United States Magistrate Judge

Noelle C. Collins for hearing of the pretrial motions. On July 14, 2014, movant counsel filed a motion to suppress evidence. Following an evidentiary hearing, which was held on September 14, 2016, Magistrate Judge Collins recommended the motion be denied. Movant's counsel filed objections to the Order and Recommendation. On December 6, 2016, the Court overruled movant's objections, sustained and adopted the Magistrate Judge's Order and Recommendation, and denied movant's motion to suppress evidence.

In December 2016, the parties reached a plea agreement, under which movant agreed to plead guilty to the charge against him, felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). On December 19, 2016, movant signed a written Plea Agreement, and on that same day, movant entered a plea of guilty. The Court accepted movant's guilty plea, the matter was set for sentencing, and a Presentence Investigation Report ("PSR") was ordered.

The PSR indicated movant had a prior conviction in 2006 for possession of an unregistered, sawed-off shotgun with a barrel length of sixteen and fifteen-sixteenth inches. See United States v. Strayhorn, 4:06-CV-358 CAS (E.D. Mo. Nov. 21, 2006). The PSR calculated movant's base offense level for a violation of 18 U.S.C. § 922(g)(1) to be 20 pursuant to § 2K2(a)(4)(A) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").

The Court set a sentencing hearing for March 22, 2017. Prior to the hearing, movant's counsel filed a motion for a downward variance. At the March 22, 2017 hearing, movant and his counsel were given the opportunity to object to the PSR, and neither voiced an objection. Movant was sentenced to a term of 57 months in the Federal Bureau of Prisons.

On March 31, 2017, movant filed a notice of appeal. Movant argued on appeal that the Court erred by failing to adequately explain why it did not take his suggestion to sentence him

below the Guidelines range, and instead sentenced him to the top of the 46 to 57-month range. Movant also argued that the sentence was substantively unreasonable. On January 24, 2018, the Eighth Circuit Court of Appeals denied movant's appeal and affirmed the Court's sentence. United States v. Strayhorn, 709 Fed. Appx. 420 (8th Cir. 2018). The Eighth Circuit found the Court did not err procedurally in sentencing movant because it explained its reasons for the sentence it imposed. The Eighth Circuit further found movant had failed to rebut the presumption that his within-Guidelines-range sentence was reasonable. The Eighth Circuit issued its mandate on March 12, 2018.

On May 7, 2018, movant filed the Motion to Vacate presently before the Court. Movant raises one ground with his motion for ineffective assistance of counsel. Movant claims that prior to sentencing, he received constitutionally ineffective assistance of counsel in that his attorney failed to investigate whether with his prior conviction for a possession of an unregistered, sawed-off shot gun constituted a crime of violence for purposes of sentencing. According to movant, "[p]rior to sentencing, Amendment 798 went into effect and was applicable to [movant]. Amendment 798 to the guidelines amended what constitutes a crime of violence and sawed-off shotgun was deleted." (ECF No. 1 at 2).

The government filed a response to movant's Motion to Vacate, to which movant filed a reply. Movant's Motion to Vacate is fully briefed and ripe for review.

Movant moves to amend his Motion to Vacate pursuant to Fed. R. Civ. P. 15(a). (ECF No. 8). Movant seeks to add a claim based on a recent Supreme Court decision, which movant believes entitled him to credit on his current sentence. Movant asks that he be credited for the time he served in detention from January 1, 2016 to May 25, 2016, when his supervised release

was revoked and he was detained in United States v. Strayhorn, 4:13-cr-00400-CDP. The government did not respond to movant's motion for leave to amend.

***II. Motion to Amend***

The Court must first address movant's motion for leave to amend his Motion to Vacate. Movant's motion for leave to amend was filed more than a year after his Motion to Vacate, and the claim he seeks to add does not relate back to the claim he originally raised. That said, movant seeks to add a claim based on a recent Supreme Court decision, Mont v. United States, 139 S. Ct. 1826 (2019), which was decided 11 days before he filed his motion for leave to amend. The one-year statute of limitations period to file a § 2255 motion to vacate runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court held in Dodd v. United States, 545 U.S. 353, 357 (2005), that the limitations period of 28 U.S.C. § 2255(f)(3) begins to run on the date the Supreme Court initially recognizes the right, not when the right has been held retroactively applicable to cases on collateral review.

The Supreme Court has not held that its decision in Mont v. United States applies retroactively to cases on collateral review. Recently, the Supreme Court clarified its retroactivity principles. Edwards v. Vannoy, 141 S. Ct. 1547, 1562 (2021) (abrogating, in part, Teague v. Lane, 489 U.S. 288, 310 (1989)). New substantive rules, which alter "the range of conduct or the class of persons that the law punishes," apply retroactively to cases on federal collateral review. Id. (quoting Schriro v. Summerlin, 542 U.S. 348, 357 (2004)). New procedural rules, which alter "only the manner of determining the defendant's culpability," do not. Id. (quoting Summerlin,

542 U.S. at 357). New procedural rules apply only to cases pending in trial courts and on direct review. Id.

The Court, however, need not decide whether Mont v. United States, announced a new substantive rule, a new procedural rule, or even a new rule at all, because the decision is inapplicable to the case at hand. In Mont, a defendant on federal supervised release was arrested, detained, and convicted in state court. 139 S. Ct. at 1830. While the defendant was in pretrial detention on the state charges, the federal court issued summons on the supervised release violation. At sentencing, the state court credited the defendant for time served in pretrial detention. Following sentencing in state court, the district court set a supervised release revocation hearing. The defendant challenged the district court's authority to revoke his supervision and argued his term of supervision had expired. The Supreme Court overruled defendant's arguments and held "pretrial detention later credited as time served for a new conviction is 'imprison[ment] in connection with a conviction' and thus tolls the supervised-release term." Id. at (quoting 18 U.S.C. § 3624(e)).

Here, movant was never released on supervision for the conviction at issue in this case. The ruling in Mont, which addresses the effect of pretrial detention on the tolling of a term of supervision is simply not relevant to the case at bar and, therefore, movant's proposed amendment fails to raise a viable claim. The Court will deny movant's motion for leave to amend his § 2255 Motion to Vacate on the ground that the amendment would be futile. Moore-El v. Luebbers, 446 F.3d 890, 902 (8th Cir. 2006) (leave to amend motion to vacate may be denied if amendment would be futile).

### *III. Motion to Vacate - Standard of Review*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (internal citations omitted). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428-29 (1962).

A movant is entitled to an evidentiary hearing on a 28 U.S.C. § 2255 motion to vacate if a factual dispute exists. See Grady v. United States, 269 F.3d 913, 919 (8th Cir. 2001); United States v. Peltier, 731 F.2d 550, 554 (8th Cir. 1984). "An evidentiary hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)). A district court may make this finding if either "(1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (internal quotation marks omitted). The Court finds movant is not entitled to an evidentiary hearing on his Motion to Vacate, because even if movant's allegations are accepted as true, he is not entitled to relief.

### *IV. Discussion*

Movant is procedurally barred from raising his claim of ineffective assistance of counsel. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 165 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Id. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007).

In his Motion to Vacate, movant states he did not raise his claim of ineffective assistance of counsel on direct appeal, "[b]ecause I did not have the grounds I needed at the time." ECF No. 1 at 3. This one-sentence, conclusory statement without further explanation does not meet the

cause standard. Greer, 493 F.3d at 957-58 (8th Cir. 2007); Stanley, 941 F.2d at 709. Movant's claim of ineffective assistance of counsel is barred because it could have been raised on direct appeal, and movant has not shown cause to lift the bar. See Frady, 456 U.S. at 165; Matthews, 114 F.3d at 113.

! Even if the Court were to review the claim on the merits, it would be dismissed without merit. "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court may address the two prongs of the Strickland test in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

In Ground One, Movant faults his attorney for failing to investigate whether his prior conviction for possession of an unregistered, sawed-off shotgun constituted a crime of violence for purposes of sentencing. Whether movant's attorney researched the issue is immaterial,

because unlawful possession of an unregistered, sawed-off shotgun is a crime of violence under the applicable Guidelines.

Movant was sentenced under the 2016 "U.S.S.G.", which provided that a violation of 18 U.S.C. §922(g)(1), felon in possession of a firearm, has a base offense level of 20, "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1.(a)(4)(A) (2016). A "crime of violence" was defined as the following:

> (a) … any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, <u>or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a)</u> or explosive material as defined in 18 U.S.C. § 841(c).

§ 4B1.2(a) (2016) (emphasis added). A firearm in § 5845(a) includes "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(1).

Amendment 798 to the U.S.S.G. went into effect on August 1, 2016. The amendment made changes to the definition of "crime of violence" in § 4B1.2(a), namely the amendment deleted the "residual clause." §4B1.2(a). Amendment 798, however, did not change inclusion of unlawful possession of a sawed-off shot gun as a crime of violence. It moved the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) from the residual clause to the enumerated list:

> [T]he amendment adds offenses that involve the "use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or an explosive material as defined in 18 U.S.C. § 841(c)" to the enumerated list at §4B1.2(a)(2). This addition is consistent with long-standing commentary in §4B1.2 categorically identifying possession of a firearm described in 26 U.S.C. § 5845(a) as a "crime of violence," and therefore maintains the status quo. The Commission continues to believe that possession of these types of weapons (e.g., a sawed-off shotgun or sawed-off rifle, silencer,

> bomb, or machine gun) inherently presents a serious potential risk of physical injury to another person. Additionally, inclusion as an enumerated offense reflects Congress's determination that such weapons are inherently dangerous and, when possessed unlawfully, serve only violent purposes.

U.S. Sentencing Commission, Amendment 798, https://www.ussc.gov/guidelines/amendment/798 (last visited Jul. 28, 2021). Movant is mistaken that Amendment 798 removed unlawful possession of a sawed-off shotgun from the definition of crime of violence.

Movant was convicted in 2006 of possession of an unregistered, sawed-off shotgun with a barrel length of sixteen and fifteen-sixteenth inches. See United States v. Strayhorn, 4:06-CV-358 CAS (E.D. Mo. Nov. 21, 2006). Movant, therefore, had previously been convicted of a crime of violence within the meaning of U.S.S.G. § 2K2.1.(a)(4)(A) (2016). There is nothing in the record to suggest that the performance of movant's attorney was constitutionally deficient, or that movant was prejudiced by the conduct of his attorney. Strickland, 466 U.S. at 694; McReynolds, 208 F.3d at 723. Movant has not established a claim of ineffective assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that movant Jevon Strayhorn's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.** [ECF No. 1]

**IT IS FURTHER ORDERED** that movant Jevon Strayhorn's motion for leave to amend his Motion to Vacate is **DENIED.** [ECF No. 8]

**IT IS FURTHER ORDERED** that movant Jevon Strayhorn has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a

certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of July, 2021.